# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YE TIONG TAM LIM, | Case No. 1:26-cv-01140-KES-EPG-HC |
| Petitioner, | |
| v. | ORDER FOR SUPPLEMENTAL BRIEFING |
| CHRISTOPHER CHESTNUT, et al., | |
| Respondents. | |

Petitioner is an immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On February 9, 2026, Petitioner filed a petition for writ of habeas corpus, asserting: (1) his continued detention violates due process and Zadvydas because there is no significant likelihood that Petitioner will be removed in the reasonably foreseeable future; (2) Respondents' third country policy violates due process, the INA, the Convention Against Torture ("CAT"), and implementing regulations; (3) Respondents' third country policy violates the Fifth and Eighth Amendments; and (4) Petitioner's re-detention violates the Fifth Amendment, 8 C.F.R. § 241.13, and the Administrative Procedure Act ("APA"). (ECF No. 1 at 13–18.) On February 25, 2026, Respondents filed a response. (ECF No. 13.) On April 9, 2026, Petitioner filed a reply. (ECF No. 14.)

Ground Four of the petition alleges that Petitioner was "previously release[d] from post-final order detention and then ICE detained me again without (a) proof that an ICE official

1

determined there is a significant likelihood I will be deported soon, (b) notification of the reasons for revocation of my release, and/or (c) an initial informal interview promptly after my return to custody to afford me an opportunity to respond to the reasons stated in the notification." (ECF No. 1 at 17.[1]) In the response, Respondents note that "Petitioner provided no evidence that ICE did not follow its own regulations." (ECF No. 13 at 5.) However, Respondents do not assert that they followed the regulations and they do not provide evidence that Petitioner was notified of the reasons for revocation of his release or that an initial informal interview was provided.

In Grounds Two and Three of the petition, Petitioner challenges Respondents' third country removal policy. (ECF No. 1 at 14–16.) Respondents argue:

> Although technically there are three countries involved in this case, Respondents have only sought travel documents from Petitioner's native country of the Philippines and Taiwan, the country for which he holds a valid unexpired passport. As such, all of Petitioner's contentions regarding his *unlikely* removal to a third country (besides Taiwan and the Philippines) are purely speculative and not ripe for adjudication.

(ECF No. 13 at 6–7.) The petition alleges that on March 13, 2023, Petitioner was ordered removed to Taiwan. (ECF No. 1 at 2.) In the reply, Petitioner argues that "to the extent the Philippines is not listed in Mr. Lim's removal order, [the government] is already trying to" remove him to a third country. (ECF No. 16 at 4.) Neither party has provided the Court with a copy of Petitioner's order of removal.

The Court finds that further briefing and supplementing the record with respect to the issues set forth above would be helpful in this matter. Specifically, the parties should address: (1) whether Petitioner was provided with notification of the reasons for revocation of his release; (2) whether Petitioner was provided with a prompt initial informal interview after his return to custody and afforded an opportunity to respond to the reasons stated in the notification; and (3) whether the Philippines is listed in Petitioner's order of removal.

Accordingly, the Court HEREBY ORDERS that:

1. Within **FOURTEEN (14) days** from the date of service of this order, Respondent SHALL FILE a supplemental brief addressing the issues set forth above and SHALL

---

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

FILE any and all other documents necessary for the resolution of the issues set forth above and presented in the petition, **including Petitioner's order of removal**. The documents shall only be filed electronically and, to the extent practicable, provided in Optical Character Recognition ("OCR") format. Respondent shall not file a hard copy of the transcripts or other documents unless so ordered by this Court.

2. Within **FOURTEEN (14) days** from the date of service of Respondent's supplemental brief, Petitioner MAY FILE a reply.

IT IS SO ORDERED.

Dated:   **April 23, 2026**                    /s/ *Erica P. Grosjean*

UNITED STATES MAGISTRATE JUDGE